IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-44-BO
No. 7:12-CV-217-BO

| | | |
|---|---|---|
| ALEX ANTONIO GRAHAM, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Graham, contends that his felon in possession of a firearm convictions should be vacated and he should be resentenced in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Graham's motion to vacate, and Mr. Graham has responded to the motion to dismiss. A hearing was held before the undersigned on the matter on April 11, 2013, at Raleigh, North Carolina.

## BACKGROUND

Mr. Graham was sentenced by the Court following his plea of guilty to a criminal information charging one count of conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (count one) and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (counts two and three). Mr. Graham was sentenced to 120 months' imprisonment on count one and 120 months' imprisonment on counts two and three, to be served concurrently.

After Mr. Graham was sentenced, the Fourth Circuit, sitting en banc, interpreted *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), to compel the result that individuals

sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. *Simmons*, 649 F.3d at 249. Applying the holding in *Simmons* to Mr. Graham's case causes his two felon in possession convictions to be infirm – that is, under *Simmons*, Mr. Graham no longer has the requisite predicate convictions to sustain a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Though the government has not opposed relief to petitioners under similar circumstances, *see e.g. United States v. Ricks*, 5:10-CR-374-BR, 5:12-CV-105-BR,[1] it opposes relief here by relying on the concurrent sentence doctrine.

The concurrent sentence doctrine "provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction. It requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *United States v. Hill*, 859 F.2d 325,

---

[1] Mr. Ricks pleaded guilty to and was sentenced on one count of being a felon in possession of a firearm and one count of possession with intent to distribute cocaine base. 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1). Although the government originally moved to dismiss Mr. Ricks' *Simmons*-based § 2255 motion, the government subsequently withdrew that motion, waived its statute of limitations and procedural bar defenses, and urged the Court, in the interests of justice, to reach the merits of Mr. Ricks' claim and vacate his felon in possession conviction due to his meritorious claim of actual innocence [DE 48]. Currently at issue in Mr. Ricks' case is whether the Court should reinstate a third count that was dismissed pursuant to a plea agreement. That issue is inapposite to the instant matter, however, as Mr. Graham pleaded guilty to all counts contained in the criminal information and no counts have been dismissed. In another similar context, the government at first waived its statute of limitations defense and urged the Court to reach the merits of a *Simmons* claim, but subsequently argued that the *Simmons* actual innocence claim was procedurally barred. *United States v. Brewington*, 4:08-CR-77-FL; 4:12-CV-225-FL. Mr. Brewington's *Simmons* infirm conviction was ultimately vacated over the government's objection. The Court notes that these cases provide an illustration of the government's somewhat inconsistent position as to *Simmons'* applicability on collateral review.

326 (4th Cir. 1988). The government argues that, although Mr. Graham no longer qualifies for a conviction under 18 U.S.C. § 922(g), "the concurrent sentence doctrine makes it unnecessary to consider the maximum term that could have been imposed for a conviction that does not augment the total punishment." [DE 33 at 4].

Mr. Graham's now infirm felon in possession of a firearm convictions carry with them collateral consequences such that the Court could not find that Mr. Graham would suffer no harm were they to be allowed to stand. Those collateral consequences would include, *inter alia*, exposure to sentencing enhancements for any future conviction in federal court. As noted by this Court in another matter in which the government sought to apply the concurrent sentence doctrine to a *Simmons*-based challenge, "[t]he [g]overnment's position fails to acknowledge the sort of collateral consequences that gave rise to . . . *Carachuri–Rosendo v. Holder*, —— U.S. ——, 130 S.Ct. 2577 (2010), which in turn necessitated the Fourth Circuit's en banc *Simmons* ruling." *Greenwood v. United States*, 5:10-CR-238-6-F, 2012 WL 5866253 (E.D.N.C. Nov. 19, 2012). Because Mr. Graham would in fact suffer harm if both the valid drug conviction and the now invalid felon in possession convictions were permitted to stand, the Court finds the concurrent sentence doctrine inapplicable. *See Hill*, 859 F.2d at 326 (where one conviction is no longer valid, concurrent sentence doctrine is inapplicable). Accordingly, in light of the government's concession that Mr. Graham no longer qualifies for his felon in possession convictions and the Court's "broad and flexible power" to "fashion an appropriate remedy" under section 2255, *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008), Mr. Graham's motion to vacate his convictions as to counts two and three of the criminal information in light of *Simmons* is granted.

The Court declines, however, Mr. Graham's request that he be resentenced in this matter. Mr. Graham's argument that *Simmons* has also made the career offender enhancement under U.S.S.G. 4B1.1 inapplicable fails. Generally, errors in the application of the sentencing guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). Because Mr. Graham did not receive a sentence in excess of his statutory maximum, and because he has shown no extraordinary circumstance that would warrant relief, he is not entitled to a reduction in his guideline calculation in light of *Simmons*. *See United States v. Powell*, 691 F.3d 554, 563 n.2 (King, J., dissenting in part and concurring in the judgment in part) (career offenders cannot receive sentences in excess of their statutory maximum, and therefore cannot rely on *Carachuri-Rosendo* to obtain relief under section 2255).

## CONCLUSION

Because the interests of justice require that Mr. Graham be afforded relief from a conviction of which he is actually innocent, Mr. Graham's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 25] is GRANTED IN PART. Mr. Graham's convictions on counts two and three of his criminal information for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) are VACATED; Mr. Graham's conviction and sentence on count one remain unaffected by this order. The government's motion to dismiss [DE 32] is DENIED.

SO ORDERED, this _22_ day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE